UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-0808  FMO (DTBx) | Date | May 8, 2015 |
|---|---|---|---|
| Title | Patricia Veloz, et al. v. Anne Helen Lenstra, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): | |
| None Present | None Present | |

**Proceedings:**    (In Chambers) Order to Show Cause Re:  Remand

On April 24, 2015, this action was removed to this court pursuant to 28 U.S.C. § 1441. However, the jurisdictional allegations appear to be defective for the reason(s) opposite the box(es) checked:

[ X ]   Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, but defendants fail to allege the existence of diversity both at the time the action was commenced and at the time of removal.  See Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1131-32 (9th Cir. 2002) ("[Diversity] is determined (and must exist) as of the time the complaint is filed and removal is effected.").

[ X ]   The court notes the following potential procedural defect(s):

[  ]   not all served defendants have joined in the notice of removal. See 28 U.S.C. § 1441(a); Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 680 (9th Cir. 2006) ("[A]ll defendants must agree to removal[.]").

[  ]   the removing defendant(s) did not attach to the notice of removal a copy of all process, pleadings, and orders served on the defendant(s).  28 U.S.C. § 1446(a).

[ X ]   the notice of removal was filed more than thirty days after the date of service of the initial pleading or the date on which defendant first had notice of removability.  28 U.S.C. § 1446(b).

[  ]   removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, the case was not initially removable, and the notice of removal was filed more than one year after commencement of the action.  28 U.S.C. § 1446(c); see Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1316 (9th Cir.), cert. denied, 525 U.S. 963 (1998) (the one-year exception applies to cases that only become removable after the initial commencement of the action).

[  ]   removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **ED CV 15-0808  FMO (DTBx)** | Date | **May 8, 2015** |
|---|---|---|---|
| Title | **Patricia Veloz, et al. v. Anne Helen Lenstra, et al.** | | |

1332(a), but some defendants are California citizens.  28 U.S.C. § 1441(b).

Accordingly, IT IS ORDERED that:

1. No later than **May 18, 2015,** defendant(s) shall show cause in writing why this action should not be remanded for the reasons noted above.  This deadline shall not extend the time for responding to any motion for remand filed by plaintiff(s).  Plaintiff(s) may submit a response in the same time period.  **Failure to respond to the OSC by the deadline set forth above shall be deemed as consent to the remand of the action to state court.**

2. If plaintiffs wish to move for remand based on procedural defects, plaintiffs must file a regularly noticed motion for remand no later than **May 24, 2015**.  See 28 U.S.C. § 1447(c).

3. A copy of all papers filed with the court shall be delivered to the drop box outside chambers at Suite 520, Spring Street Courthouse, 312 North Spring Street, **no later than 12:00 noon the following business day**.  All chambers copies shall comply fully with the document formatting requirements of Local Rule 11-3, including the "backing" requirements of Local Rule 11-3.5.  Counsel may be subject to sanctions for failure to deliver a mandatory chambers copy in full compliance with this Order and Local Rule 11-3.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | VDR | | |